UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 00-11769 GAF (RCx)                        Date: October 3, 2002

Title: United States v. City of Los Angeles, et al

### The Honorable Gary Allen Feess, Judge

| Marilynn Morris | None Present |
|---|---|
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                                None Present

**PROCEEDINGS:** (In Chambers)

Before the Court is a renewed motion for permissive intervention brought by two groups: one group consisting of several Section 1983 plaintiffs; and a second consisting of a variety of community organizations, including the ACLU (collectively, "Proposed Interveners"). For the reasons set forth below, the Court **GRANTS** the renewed motion.

On February 8, 2002, this Court denied the Proposed Interveners' motion for permissive intervention on the grounds that neither group was able to demonstrate grounds for intervention as of right, or a basis for permissive intervention, under Federal Rule of Civil Procedure 24. The Proposed Interveners appealed this decision to the Ninth Circuit, and the Circuit subsequently issued its opinion on April 22, 2002. See United States v. City of Los Angeles, 288 F.3d 391 (9th Cir. 2002). The Circuit held that neither group is entitled to intervention as of right. However, the Circuit remanded the issue to this Court for further consideration of permissive intervention, with instructions to apply the three prong test put forward in Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)(stating "a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common").

Elements (1) and (2) and not contested. None of the parties dispute the existence of jurisdiction, or the timeliness of the motion. However, a dispute does exist with respect to the third element. Because the Proposed Interveners, as incidental third party beneficiaries, have no right to seek enforcement of the decree, Defendant City of Los Angeles ("City") and Plaintiff U.S. Department of Justice ("DOJ") maintain that the there are no common questions of law or fact between the claims or defenses of the Proposed Interveners and the claims pending before the Court in this action. Accordingly, the City and DOJ assert that the motions to intervene fail to satisfy element (3) of the Northwest Forest factors. They further argue that intervention may delay or frustrate the work of the

Monitor who is charged with collecting information and investigating alleged police corruption, although they cannot state exactly how that might occur.

Having now read and considered the papers submitted and counsels' oral arguments, the Court concludes that the Proposed Interveners have made a sufficient showing to the Court that the three Northwest Forest factors have been satisfied. For that reason, the motion is **GRANTED**. However, whether the participation of the Interveners will indeed further the objectives of the present litigation remains to be seen. The Court concedes to being skeptical that the promised benefits to be derived from the participation of the Proposed Interveners will materialize. If the Proposed Interveners, in fact, provide valuable input and assistance to the Monitor and the Court in the achievement of the overall objective of meaningful police reform, then they will have served an important function.[1] By the same token, if the participation of the Proposed Interveners should prove counter-productive – a judgment that can only be made by this Court in the future – then the Court will not hesitate to consider vacating this Order and terminating the intervention of these parties. The rule regarding permissive intervention is quite clear that where the intervention delays the progress of the action or prejudices the rights of the parties, intervention need not be granted. See Rule 24(b), Fed.R.Civ.P.; Cf. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 378 (1987)(authorizing district courts to condition intervention).

Finding good cause for the requested permissive intervention, the Court **GRANTS** the Proposed Interveners' request.

IT IS SO ORDERED.

---

[1] The Court assumes that this is what the Ninth Circuit had in mind when it stated, "the idea of streamlining this litigation ... should not be accomplished at the risk of marginalizing those [Proposed Interveners] who have some of the strongest interests in the case." City of Los Angeles, 288 F.3d at 404.