LORETTA KING,
Acting Assistant Attorney General
Civil Rights Division
SHANETTA Y. CUTLAR, Chief, State Bar No. 169849
DANIEL H. WEISS, Deputy Chief
JE YON JUNG
LAURA COON
TIM MYGATT
KENYAN MCDUFFIE
Attorneys
UNITED STATES DEPARTMENT OF JUSTICE
Civil Rights Division
Special Litigation Section, PHB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 305-1457
Facsimile: (202) 514-6903
jeyon.jung@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ROCKARD J. DELGADILLO, City Attorney, State Bar No. 125465
RICHARD H. LLEWELLYN, JR. Chief Deputy, State Bar No. 105072
CARLOS DE LA GUERRA, Assistant City Attorney, State Bar No. 164046
JULIE RAFFISH, Deputy City Attorney, State Bar No. 185504
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 800 City Hall East
Los Angeles, California 90012-4131
Telephone: (213) 978-8380
Facsimile: (213) 978-8787

Attorneys for Defendants
CITY OF LOS ANGELES, THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES, and THE LOS ANGELES POLICE DEPARTMENT.

///

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, CALIFORNIA, BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES, AND THE LOS ANGELES POLICE DEPARTMENT,<br><br>　　　　Defendants. | CASE No. CV 00-11769 GAF (RCx)<br><br>**JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO TERMINATE THE ORIGINAL CONSENT DECREE AND TO TRANSITION FULL OVERSIGHT AUTHORITY TO THE CITY DEFENDANTS**<br><br>[Filed Concurrently With Proposed Order]<br><br>Date: June 8, 2009<br>Time: 9:00 a.m.<br><br>The Honorable Gary A. Feess,<br>United States District Judge |

　　　　On June 15, 2001, this Court entered, as an order of the court, a Consent Decree in the above-captioned matter resolving the United States' complaint against the City, the Los Angeles Board of Police Commissioners ("Board"), and the Los Angeles Police Department ("LAPD" or the "Department") (hereinafter the "City Defendants"), alleging a pattern or practice of unconstitutional or otherwise unlawful policing in violation of 42 U.S.C. Section 14141.  While the City Defendants denied the allegations in the complaint, the United States and the City Defendants (hereafter the "Parties") entered into a comprehensive Consent Decree as a way to resolve the United States' lawsuit.

　　　　Over the last eight years, the City Defendants have successfully implemented numerous provisions of the Decree.  In accordance with Paragraph 180 of the Consent Decree, the Parties agree that the Consent Decree should be terminated and that the Board of Police Commissioners and its Office of the Inspector General ("OIG"), the entities with primary responsibility for civilian oversight of the LAPD under the City Charter, should continue their existing roles in providing oversight of the LAPD.

- 2 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree
And To Transition Full Oversight Authority To The City Defendants

However, during the period of transition, and subject to this Court's continuing jurisdiction over this Transition Agreement, the OIG shall conduct detailed reviews of LAPD's activities in three subject areas: (1) Continuation of the Use of TEAMS II; (2) Continuation of Measures to Prohibit Biased Policing; and (3) Implementation of the Financial Disclosure Program.[1]

## I. General Provisions

    A.    The Parties agree that the Consent Decree entered by this Court on June 15, 2001, should terminate effective June 16, 2009. In consideration of the City Defendants' performance of its obligations under this Transition Agreement, the United States agrees to refrain from pursuing civil action against the City Defendants under Civil Case No. CV00-11769 GAF (RCx). This Transition Agreement also constitutes a full and complete settlement of any and all claims the United States may have against the City Defendants, and their officers, employees or agents, regarding any alleged pattern or practice of conduct by Los Angeles police officers in carrying out their law enforcement responsibilities, in violation of 42 U.S.C. Sections 14141, 2000d, 3789d(c) or any other law under which such an action could have been brought by the United States and within the subject matter covered by the June 15, 2001, Consent Decree, that have occurred up to and including June 15, 2009.

    B.    The Parties agree that this Transition Agreement is neither an admission by the City Defendants of any violation of the mandates of the original Consent Decree or any local, state or federal laws, nor an admission by the United States of the merits of any of the City Defendants' potential defenses.

    C.    This Transition Agreement constitutes the entire agreement between the Parties relating to Civil Case No CV00-11769 GAF (RCx), and no other

---

[1] The Parties agree that in the event a disagreement is not resolved by the Parties in accordance with Section III.C below, and Court resolution is necessary, the Court's standard for resolution shall be consistent with the purpose and intent of the relevant paragraphs or portions thereof as set forth in the Consent Decree.

- 3 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this Transition Agreement, shall be enforceable.

D. Nothing in this Transition Agreement shall limit the Board of Police Commissioners, Office of the Inspector General, and LAPD from exercising their powers and satisfying their duties set forth in the Charter and other applicable law, including conducting additional audits, reviews or evaluations beyond those described herein or beyond the term for each of the subject areas contained in this Transition Agreement.

E. This Transition Agreement is enforceable only by the Parties to the original Consent Decree, the City Defendants listed above and the United States. No person or entity is intended to be a third-party beneficiary of the provisions of this Transition Agreement.

F. For purposes of this Agreement, "in consultation with" shall mean that prior to the commencement of each of the reviews specified herein, the OIG will meet with representatives from DOJ in person or by phone to discuss the OIG's proposed scope and methodology for each such review. The OIG shall make reasonable efforts to incorporate DOJ's input concerning the reviews. Should the Parties fail to agree on the scope and methodologies for a review, the Parties shall follow the procedures set forth below in Section III.B, Administrative Provisions, to resolve any disagreements.

II. **Subject Areas**

   A. **Continuation of the Use of TEAMS II**

   1. The Parties agree that the design of the new Training, Evaluation and Management System ("TEAMS II") was developed and activated as agreed to by the Parties and has been operational for two years. Therefore, no further review or evaluation of the design of TEAMS II

- 4 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

or its system requirements shall be undertaken under this Transition Agreement.

2. The City Defendants agree to continue to utilize TEAMS II in the manner for which it was designed.

3. The City Defendants agree to conduct a review, through the OIG and in consultation with the United States, of the Department's use of TEAMS II. This review shall include:

   a. A review of the System-Generated Action Items; and

   b. A review of whether TEAMS II records are appropriately utilized and reviewed.

   c. Although this review of TEAMS II is not intended to review the design or system requirements of TEAMS II, it is intended to review whether TEAMS II is being utilized by the City Defendants in the manner in which it was intended – an early warning or risk management system.

   The OIG should conduct a review of system-generated action items. This review shall include an analysis of a sample of threshold-activated system-generated action items (which occur when an employee has an inordinate number of uses of force, complaints, vehicle pursuits, traffic collisions, or claims/lawsuits in comparison to his/her peer group average), to verify that supervisors are conducting a review of TEAMS II information to detect any pattern or series of incidents that indicate that an officer may be engaging in at-risk behavior. In addition, this review should also assess a sample of those action items generated in connection with sworn officer transfers and annual performance evaluations, as well as those created at the direction of supervisors and managers for monitoring purposes.

The OIG's review should verify that a supervisor conducted an analysis of the involved employee's relevant TEAMS II information and evaluate whether any significant risk issues were identified, reviewed, and considered.

4. The City Defendants agree to begin this review six (6) months from the effective date of this Transition Agreement; complete this review no later than ten (10) months from the Agreement's effective date; and to submit this review to the United States and the Court[2] within thirty (30) days of the date that this review receives final approval from the Board of Police Commissioners. Where the Board explicitly adopts individual recommendations proposed by the OIG in its review, the City agrees to respond to such recommendations in the manner requested by the Board in accordance with the period of review outlined herein.

5. The period of review relating to the continuation of use of TEAMS II shall terminate 18 months after the effective date of this Transition Agreement, or forty-five (45) days after the United States receives the OIG review, whichever is later. However, in the event that an objection is filed by the United States at a time which would not permit the time line set forth in Section III.A to be satisfied, the relevant period of review shall not terminate until and unless such objection is resolved by the Parties or the Court.

B. **Continuation of Measures to Prohibit Biased Policing**

1. The Parties agree that the City Defendants have a policy against biased policing. The City Defendants further agree they are committed

---

[2] The Court may request the assistance of a consultant, such as Michael Cherkasky, to assist the Court with reviews of any reports submitted to the Court by the Parties in accordance with this Transition Agreement. Mr. Cherkasky has agreed to provide any such consultation on a pro bono basis.

- 6 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

to continuing the measures currently in place to prohibit biased policing.

2. The City Defendants intend to deploy in-car video systems throughout the Department. In this respect, the City Defendants agree to use best efforts, subject to the availability of funding, to equip all patrol vehicles with such systems in as expeditious a manner as possible.

3. The City Defendants agree to conduct two (2) reviews, through the OIG and in consultation with the United States, of the Department's policies and protocols pertaining to the prohibition of biased policing. These reviews shall be conducted in accordance with the following:

   a. The first of two reviews shall begin within six (6) months from the effective date of this Transition Agreement; and the second review shall begin within six (6) months after the Board's adoption of the first review and expiration of the 45-day period within which any objection by DOJ must be submitted, as described herein. Each review shall be submitted to the United States and the Court within thirty (30) days of the date the Board of Police Commissioners gives final approval of the OIG's review. Where the Board explicitly adopts individual recommendations proposed by the OIG in its review, the City agrees to respond to such recommendations in the manner requested by the Board in accordance with the period of review outlined herein.

   b. The OIG shall review a random sample of completed complaint investigations alleging biased based policing. The nature and scope of such reviews shall be consistent with prior reviews of the same nature conducted by the OIG. Said reviews should assess the overall quality of the investigations, including, but

- 7 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

    not limited to whether the investigating officer followed the applicable protocols, whether the investigation was fair and objective, whether the adjudication results were supported by the evidence, whether the preponderance of evidence standard was applied to the case, whether appropriate review of officers' TEAMS II reports was conducted, and whether a reasonable effort was made to identify and interview relevant witnesses and gather pertinent evidence.

  c. The period of review relating to the continuation of measures in place to prohibit biased policing shall terminate 18 months from the effective date of this Transition Agreement, or forty-five (45) days after the United States receives the last OIG review, whichever is later.  However, in the event that an objection is filed by the United States at a time which would not permit the time line set forth in Section III.A to be satisfied, the relevant period of review shall not terminate until and unless such objection is resolved by the Parties or the Court.

**C.** **Implementation of the Financial Disclosure Program**

 1. The Parties agree that the Financial Disclosure Program (the "Program") adopted by the Board of Police Commissioners on December 20, 2007, has been approved by the United States, and therefore no further review or evaluation of the Program itself shall be undertaken under this Agreement.

 2. The City Defendants, through the LAPD, agree to continue implementation of the Program for all incoming sworn employees into the units/divisions identified in the Program, and those incumbent employees two years from the Program implementation date, March 2009.

3. The City Defendants agree to conduct three (3) reviews, through the OIG and in consultation with the United States, of the Department's Program. These reviews shall be conducted in accordance with the following:

    a. The first of three reviews shall begin within nine (9) months from the effective date of this Transition Agreement; the second review shall begin within twelve (12) months after the Board's adoption of the first review and expiration of the 45-day period within which any objection by DOJ must be submitted, as described herein; and the third review shall begin within twelve (12) months after the Board's adoption of the second review and expiration of the 45-day period within which any objection by DOJ must be submitted, as described herein, or six (6) months after the two (2) year incumbency period outlined in the Program has expired, whichever is later. Each review shall be submitted to the United States and the Court within thirty (30) days of the date the Board of Police Commissioners gives final approval of the OIG's review. Where the Board explicitly adopts individual recommendations proposed by the OIG in its review, the City agrees to respond to such recommendations in the manner requested by the Board in accordance with the period of review outlined herein.

    b. The reviews shall determine if the Department is implementing the Program consistent with the protocols for both the Department and affected employees set forth in Special Order No. 20 ("Confidential Financial Disclosure Policy"). Specifically, these reviews shall include, but not be limited to an assessment of whether employees subject to the

- 9 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

requirements of the Confidential Financial Disclosure Policy are submitting a Confidential Financial Disclosure Face Sheet and a Confidential Financial Disclosure Report (collectively, "Financial Disclosure Forms") within ten days of being selected to any of the affected units. In addition, the OIG will assess whether the Department is reviewing the Financial Disclosure Forms it receives to ensure completeness and is verifying that the necessary supporting documentation is being provided. The OIG's review will also include an evaluation of whether the completed forms the Department receives are being stored in the manner set forth in the Special Order.

    c.    The period of review relating to financial disclosure shall terminate three (3) years after the effective date of this Transition Agreement, or forty-five (45) days after the United States receives the last OIG review, whichever is later. However, in the event that an objection is filed by the United States at a time which would not permit the time line set forth in Section III.A to be satisfied, the relevant period of review shall not terminate until and unless such objection is resolved by the Parties or the Court.

## III. Administrative Provisions

    A.    Upon receipt of the OIG review(s) described in Sections II.A.4., II.B.3.a., and II.C.3.a., above, the United States shall have forty-five (45) days to file a written objection to the OIG's reviews with the Board of Police Commissioners. Any such objection shall specifically identify the area(s) of concern. The Parties shall thereafter have up to thirty (30) days to work cooperatively to resolve any disagreements ("Informal Resolution Period"). If the Parties are unable to resolve any disagreements, either Party may seek

- 10 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

appropriate relief from the Court within thirty (30) days from the conclusion of the Informal Resolution Period.

B. To the extent that the Parties are unable to resolve any disagreement arising from any pre-review consultation, the United States may file a written objection with the Board of Police Commissioners within forty-five (45) days from the date of the final meeting between the United States and OIG. The date of such final meeting shall be memorialized in a separate letter to the Board, and promptly delivered to the Board with a copy to the OIG, within five (5) business days of the final meeting between the OIG and the United States. Any such objection shall specifically identify the area(s) of concern. The Parties shall thereafter have up to thirty (30) days to work cooperatively to resolve any disagreements ("Informal Resolution Period"). If the Parties are unable to resolve any disagreements, either Party may seek appropriate relief from the Court within thirty (30) days from the conclusion of the Informal Resolution Period.

C. Upon request, the United States shall have complete access to all documents and information accessed by the OIG to conduct his reviews under this Transition Agreement. The time periods for the United States' written objections shall be tolled pending the United States' receipt of all document and information requests.

D. In the event that a Court determines that any provision of this Agreement is unenforceable, such provision will be severed from this Agreement and all other provisions will remain valid and enforceable, provided, however, that if the severance of any such provision materially alters the rights or obligations of the Parties, they will, through reasonable, good faith negotiations, agree upon such other amendments hereto as may be necessary to restore the Parties as closely as possible to the relative rights and obligations initially intended by them hereunder.

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

For the reasons discussed herein, the Parties jointly move for an Order terminating the original Consent Decree entered on June 15, 2001, and transitioning the LAPD's full oversight responsibilities to the Board of Police Commissioners, and the OIG.

Respectfully submitted,

FOR THE PLAINTIFF, THE UNITED STATES OF AMERICA:

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

_____
SHANETTA Y. CUTLAR
Chief
State Bar No. 169849

_____
DANIEL H. WEISS
Deputy Chief

Dated: May 29, 2009

_____
JE YON JUNG
LAURA COON
TIM MYGATT
KENYAN MCDUFFIE
Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section, PHB

- 12 -

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

FOR THE DEFENDANTS, CITY OF LOS ANGELES, CALIFORNIA, BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES, AND THE LOS ANGELES POLICE DEPARTMENT:

ROCKARD J. DELGADILLO
City Attorney

Dated: May 29, 2009

RICHARD H. LLEWELLYN, JR.
State Bar No. 105072
Chief Deputy

CARLOS DE LA GUERRA
State Bar No. 164046
Assistant City Attorney

JULIE S. RAFFISH
State Bar No. 185504
Deputy City Attorney
Los Angeles City Attorney's Office
200 North Main Street, Suite 800
Los Angeles, California 90012
(213) 978-8380
(213) 978-8787 (fax)
Julie.Raffish@lacity.org

Joint Motion And Memorandum In Support Thereof To Terminate The Original Consent Decree And To Transition Full Oversight Authority To The City Defendants

## PROOF OF SERVICE

I, the undersigned, say: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 800 City Hall East, 200 North Main Street, Los Angeles, California 90012.

On, June 1, 2009, I served the foregoing documents described as:
**JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO TERMINATE THE ORIGINAL CONSENT DECREE AND TO TRANSITION FULL OVERSIGHT AUTHORITY TO THE CITY DEFENDANTS**
On all interested parties in this action by placing copies thereof enclosed in a sealed envelope addressed as follows:

PLEASE SEE ATTACHED LIST

[X] BY MAIL - I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business.

[ ] BY PERSONAL SERVICE - ( ) I delivered by hand, or ( ) I caused to be delivered via messenger service, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[ ] BY FACSIMILE TRANSMISSION - I caused the document to be transmitted to the offices of the addressee via facsimile machine to __ on the date and time shown on the Transmission Report attached hereto. The document was sent by fax from (213) 978-8787 and the transmission was reported complete and without error. A true copy of the Transmission Report is attached to the mailed or personal or both proof(s) of service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 1, 2009, at Los Angeles, California.

_____
Patricia Guerra

<u>Service List</u>
<u>United States of America v. City of Los Angeles, et al;</u>
<u>USDC Case No. CV 00-11769 GAF (RCX)</u>

Michael Cherkasky
Monitor, Los Angeles Consent Decree
7799 Leesburg Pike, Suite 1100
Falls Church, Virginia 22043

Erwin Chemerinsky, Esq.
Duke University School of Law
Science Drive & Towerview Rd.
Durham, NC 27708
Tel (919) 613-7173

Diane Marchant, Esq.
Los Angeles Police Protective League
1308 West Eighth Street, Suite 206
Los Angeles, CA 90017

Stephen Yagman, Esq.
Marion R. Yagman, Esq.
Joseph R. Reichmann, Esq.
Kathryn S. Bloomfield, Esq.
YAGMAN YAGMAN REICHMANN
 & BLOOMFIELD
723 Ocean Front Walk
Venice, CA 90291-3270
Tel (310) 452-3200

Je Yong Jung, Esq.
U.S. Department of Justice
Special Litigation Section – PHB
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
JeYon.Jung@usdoj.gov

Mark D. Rosenbaum, Esq.
Catherine E. Lhamon, Esq.
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
Tel (213) 977-9500
Fax (213) 250-3919
mrosenbaum@aclu-sc.org

Enrique Hernandez, Esq.
Los Angeles Police Protective League
1308 West Eighth Street, Suite 206
Los Angeles, CA 90017
hankhernandez@lappl.org,
leaguegc@aol.com

Stephen H. Silver, Esq.
Silver, Hadden & Silver
1428 2nd Street
Santa Monica, CA 90407
shsilver@shslaborlaw.com