Stephen H. Silver Esq., CSB # 038241
Richard A. Levine Esq., CSB # 091671
Elizabeth Silver Tourgeman Esq., CSB # 193114
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
Santa Monica, CA. 90407-2161
(310) 393-1486 (Telephone)
(310) 395-5801 (Fax)
rlevine@shslaborlaw.com

Attorney for Intervenor,
LOS ANGELES POLICE PROTECTIVE LEAGUE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, CALIFORNIA, BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES, AND THE LOS ANGELES POLICE DEPARTMENT,<br><br>Defendants. | Case No.: CV 00-11769 GAF (RCx)<br><br>RESPONSE BY INTERVENOR LOS ANGELES POLICE PROTECTIVE LEAGUE IN OPPOSITION TO PORTIONS OF PROVISIONS OF THE PROPOSED TRANSITION AGREEMENT WITHIN THE JOINT MOTION TO TERMINATE THE CONSENT DECREE |

Intervenor, Los Angeles Police Protective League, in response to the Joint Motion by the Plaintiff United States of America and Defendants City of Los Angeles, et al., filed on June 1, 2009, hereby submits its objections to the following provisions of the proposed Transition Agreement sought to be entered as the Order of the Court.

### I.  ISSUE OF STANDING

The proposed Transition Agreement limits enforceability of the Agreement to only parties to the original Consent Decree and thereby excludes standing by the Intervenor League to assert its legal rights in connection with the terms and conditions of the Agreement and impairs the collective bargaining interest of the

League. Specifically, Section I.E. of the proposed Agreement provides as follows:

> "This Transition Agreement is enforceable only by the Parties to the original Consent Decree, the City Defendants listed above and the United States. No person or entity is intended to be a third-party beneficiary of the provisions of this Transition Agreement."

(Section I. E., p.4:10-13.)

A reasonable interpretation of such a provision would improperly deprive the League a legal right to enforce the terms of the Agreement since the League was not a party to the Consent Decree. However, in accordance with the decision by the Court of Appeal in this case, the League was entitled, as a matter of right, to intervene in this case since the League had a "protectable interest in both the merits of the action and the remedy sought by the United States". (*United States v. City of Los Angeles et al.* (9th Cir. 2002) 288 F3d 391, 400.)

Moreover, the Consent Decree explicitly recognizes and safeguards the League's collective bargaining rights under State and local law as follows: "Nothing in this Agreement is intended to: (a) alter the existing collective bargaining agreements between the City...and LAPD employee bargaining units; or (b) impair the collective bargaining rights of employees in those units under state and local law." (Consent Decree, para 8.)

Consequently, the proposed limitation in the Transition Agreement on the issue of standing would contravene the League's clearly established legal interest in the remedy sought by the United States which would necessarily include the implementation of remedies under the Consent Decree identified in the Transition Agreement as well as the manner and duration of oversight functions of such matters sought to be delegated to the City, in consultation with United States Department of Justice.

//
//

## II. FINANCIAL DISCLOSURE PROGRAM

The proposed language of the Transition Agreement is objectionable to the League where it improperly forecloses further review or evaluation of the Financial Disclosure Program as follows:

> "The Parties agree that the Financial Disclosure Program (the "Program") adopted by the Board of Commissioners on December 20, 2007, has been approved by the United States, and therefore no further review or evaluation of the Program itself shall be undertaken under this Agreement."

(Section II. C., p.8:19-22)

As this Court is aware, on December 20, 2007, the League filed a lawsuit for Declaratory and Injunctive Relief in the Los Angeles Superior Court challenging the provisions of the City's Special Order implementing financial disclosure which would require officers assigned to gang and narcotics units of the Los Angeles Police Department from disclosing all of their personal financial information, including liabilities and all assets held in banking institutions and investment funds by themselves, their spouses, children and joint tenants. The City removed the action to this Court on February 2, 2008, and trial is scheduled for January 19, 2010. (*Los Angeles Police Protective League v. City of Los Angeles*, Case No. CV08-00784 GAF (RCx).)

Section II C of the Transition Agreement contains no recognition of the pending lawsuit by the League challenging the Special Order on Financial Disclosure; a lawsuit which could subject the Special Order to further review or evaluation in the event the League prevailed or as the result of settlement/resolution of the lawsuit.

///
///
///

### III. ADMINISTRATIVE PROVISIONS

The Transition Agreement confers on the Department of Justice unlimited and unrestricted access to confidential peace officer personnel information as follows:

> "Upon request, the United States shall have complete access to all documents and information accessed by the OIG to conduct his reviews under this Transition Agreement."

(Section III. C., p.11: 16-19.)

The League objects to such a provision which is overbroad in terms of purpose and duration where it could afford the United States Department of Justice access, for any purpose and without subpoena nor search warrant, to any confidential peace officer information concerning an officer's financial condition or that of his/her spouses, children and joint tenants, TEAMS II records, or biased policing complaint records.

### IV. DEPLOYMENT OF IN-CAR VIDEO SYSTEMS

The proposed Transition Agreement refrains from requiring the deployment of Department wide in-car video systems as a means of achieving the Department policy against biased policing:

> "The City Defendants intend to deploy in-car video systems throughout the Department. In this respect, the City Defendants agree to use best efforts, subject to the availability of funding, to equip all patrol vehicles with such systems in as expeditious a manner as possible."

(Section II. B. 2., p.7:3-6)

The League contends that the proposed Agreement should be modified to impose the mandatory obligation of the Department to install and deploy in-car video systems throughout the Department unconditioned on "availability" of funding.

## V. CONCLUSION

Based upon the foregoing, the Intervenor League respectfully requests that the Transition Agreement be modified as specified herein.

DATED: June 4, 2009.

SILVER, HADDEN, SILVER, WEXLER & LEVINE

By: _____
RICHARD A. LEVINE
Attorneys for Intervenor, LOS ANGELES POLICE PROTECTIVE LEAGUE

00596-pld.wpd

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1428 Second Street, P.O. Box 2161, Santa Monica, California 90407-2161.

On **June 4, 2009,** I served the foregoing document described as **RESPONSE BY INTERVENOR LOS ANGELES POLICE PROTECTIVE LEAGUE IN OPPOSITION TO PORTIONS OF PROVISIONS OF THE PROPOSED TRANSITION AGREEMENT WITHIN THE JOINT MOTION TO TERMINATE THE CONSENT DECREE** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[X]   **[By Mail]**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it would be deposited with the U.S. Postal Service with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware than on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **[By Facsimile Transmission]**

I caused the above-referenced document to be transmitted to the named person(s) via facsimile transmission to the fax number(s) set forth above from a fax machine at (310) 393-3806.

Executed on **June 4, 2009**, at Santa Monica, California.

____   STATE      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_   FEDERAL    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MELISA CLENDENEN         *Melisa Clendenen*

RESPONSE BY INTERVENOR LOS ANGELES POLICE PROTECTIVE LEAGUE IN OPPOSITION TO PROVISIONS OF PROPOSED TRANSITION AGREEMENT

# SERVICE LIST
### *United States of America v. City of Los Angeles, et al.*
### USDC Case No. CV 00-11769 GAF (Rcx)

| | |
|---|---|
| Loretta King,<br>Acting Assistant Attorney General<br>Civil Rights Division<br>Shanetta Y. Cutlar, Chief<br>Daniel H. Weiss, Deputy Chief<br>Je Yon Jung, Laura Coon<br>Tim Mygatt, Kenyan McDuffie<br>Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section, PHB<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 | Enrique Hernandez, Esq.<br>Los Angeles Police Protective League<br>1308 West Eighth Street, Suite 206<br>Los Angeles, CA 90017<br><br>Diane Marchant, Esq.<br>Los Angeles Police Protective League<br>1308 West Eighth Street, Suite 206<br>Los Angeles, CA 90017<br><br>Mark D. Rosenbaum, Esq.<br>Catherine E. Lhamon, Esq.<br>ACLU Foundation of Southern California<br>1616 Beverly Boulevard<br>Los Angeles, CA 90026 |
| Rockard J. Delgadillo, City Attorney<br>Richard H. Llewellyn, Jr., Chief Deputy<br>Carlos De La Guerra, Asst. City Attorney<br>Julie Raffish, Deputy City Attorney<br>Office of the City Attorney<br>200 N. Main Street, 800 City Hall East<br>Los Angeles, CA 90012-4131 | Stephen Yagman, Esq.<br>Marion R. Yagman, Esq.<br>Joseph R. Reichmann, Esq.<br>Kathryn S. Bloomfield, Esq.<br>Yagman, Yagman, Reichmann & Bloomfield<br>723 Ocean Front Walk<br>Venice, CA 90291-3270 |
| Michael Cherkasky<br>Monitor, Los Angeles Consent Decree<br>7799 Leesburg Pike, Suite 1100<br>Falls Church, VA 22043 | |
| Erwin Chemerinsky, Esq.<br>Duke University School of Law<br>Science Drive & Towerview Rd.<br>Durham, NC 27708 | |
| Je Yong Jung, Esq.<br>U.S. Department of Justice<br>Special Litigation Section – PHB<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530 | |

RESPONSE BY INTERVENOR LOS ANGELES POLICE PROTECTIVE LEAGUE IN OPPOSITION TO PROVISIONS OF PROPOSED TRANSITION AGREEMENT